IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAIDEN BIOSCIENCES, INC., §
§
Plaintiff, §
§ Civil Action No. 3:18-CV-1354-D
VS. §
§
MPM MEDICAL, INC., et al. §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this action, defendants MPM Medical, Inc. ("MPM") and RBC Life Sciences, Inc. ("RBC") timely move for leave to file a second amended answer and first amended counterclaim. For the reasons that follow, the court grants defendants' motion.

I

Maiden Biosciences, Inc. ("Maiden") is a manufacturer of wound dressings. It filed this lawsuit against MPM and RBC on October 16, 2017 in the United States District Court for the District of Maryland. Maiden alleges that MPM and RBC, who are distributors of healthcare products, breached their contract with Maiden and were unjustly enriched by such action. Maiden amended its complaint in December 2017. On May 29, 2018 the District of Maryland granted defendants' motion to transfer and transferred the case to this court under 28 U.S.C. § 1404(a). Following the transfer, defendants filed their answer on July 14, 2018. The answer did not include a counterclaim. On July 16, 2018 the court entered the scheduling order ("Scheduling Order"), which provides, *inter alia*, that "[a] party must file

a motion for leave to join other parties no later than September 4, 2018," and "[a] party must file a motion for leave to amend pleadings no later than November 1, 2018."

On November 1, 2018 Maiden filed an unopposed motion for leave to file a second amended complaint, which the court granted, and the second amended complaint was filed the same day. MPM and RBC answered the second amended complaint on November 20, 2018—five days late. The answer did not include a counterclaim.

On December 11, 2018 MPM and RBC filed a first amended answer to plaintiff's seconded amended complaint and original counterclaim, asserting, for the first time, a counterclaim. On December 21, 2018 Maiden filed a motion to strike defendants' answer and amended answer as untimely, or, alternatively, to extend pretrial deadlines. The court granted Maiden's motion in the alternative to enlarge the Scheduling Order and denied all other relief that Maiden requested. *See Maiden Biosciences, Inc. v. MPM Med., Inc.*, 2019 WL 935478, at *1 (N.D. Tex. Feb. 26, 2019) (Fitzwater, J.). Under the modified Scheduling Order, the deadline to move for leave to join parties became March 4, 2019, and the deadline to move for leave to amend the pleadings was April 30, 2019.

On March 4, 2019 defendants filed the instant motion for leave to file a second amended answer and first amended counterclaim.[1] The proposed amended pleading adds two

---

[1] N.D. Tex. Civ. R. 15.1(b) provides that a party who electronically files a motion for leave to amend must attach the proposed amended pleading as an exhibit. Defendants failed to do so. Instead, they submitted their proposed amended pleading as a separate electronically-filed document on March 5, 2019, one day *after* the deadline to join new parties. The court in its discretion could deny defendants' motion on this ground alone. *See, e.g., Lefevre v. Connextions, Inc.*, 2014 WL 1390861, at *2 (N.D. Tex. Apr. 10, 2014)

new parties as counterdefendants: Daniel Zang ("Zang") and Mark Gorman ("Gorman"), who are corporate officers of Maiden. The amended pleading also asserts new affirmative defenses and counterclaims. Maiden opposes the motion.

II

Fed. R. Civ. P. 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing cases). Nevertheless, Rule 15(a) and the other federal rules "reject the approach that pleading is a game of skill in

---

(Fitzwater, C.J.). But when the nonmovant has a fair opportunity to respond to the motion notwithstanding the movant's failure to comply with Rule 15.1, the court may still grant the motion. *See, e.g., Estate of Merkel v. United States*, 2008 WL 4566477, at *2 (N.D. Tex. Oct. 10, 2008) (Fitzwater, C.J.). Maiden does not suggest in its response that defendants' noncompliance with Rule 15.1 prejudiced it in any way, so the court will not deny defendants' motion on this basis.

which one misstep by counsel may be decisive to the outcome." *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007)); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1471, at 587 (3d ed. 2010) (footnote omitted) (stating that a primary purpose of Rule 15 is to allow the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities").

III

The court concludes that the relevant factors do not support denying leave to amend.

Maiden offers three reasons why the court should deny defendants' motion. First, Maiden contends that because defendants did not file a standalone motion to join Zang and Gorman as parties, and do not offer a reason *why* Zang and Gorman should be joined, defendants have failed to meet their burden to show that joinder is proper. But in the past, this court has given full consideration to motions to file amended pleadings that added new parties, even though such motions were not styled as motions to join new parties. *See, e.g., Architettura, Inc. v. DSGN Assocs. Inc.*, 2017 WL 3311197, at *1, *5 (N.D. Tex. Aug. 3, 2017) (Fitzwater, J.); *Valdez v. Celerity Logistics, Inc.*, 2013 WL 12354437, at *1-2 (N.D. Tex. Aug. 20, 2013) (Fitzwater, C.J.). The court may grant such motions under the Rule 15(a)(2) standard without expressing a view on the propriety of joinder under Fed. R. Civ. P. 20(a). *See, e.g., Architettura*, 2017 WL 3311197, at *4 n.5 (citing *Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 795 n.22 (N.D. Tex. Mar. 25, 2008) (Fitzwater, C.J.)). The

court will adhere to its past practice in the present case.[2]

Second, Maiden argues that defendants unduly delayed in joining Zang and Gorman, because defendants could have joined Zang and Gorman at the outset of the case. But defendants timely filed their motion for leave to amend before the deadline for joining new parties. "The court in entering its scheduling order presumptively determined that a motion filed before the deadline . . . would not be deemed dilatory." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Maiden has not rebutted the presumption of timeliness. Maiden further argues that it will be prejudiced by the joinder of Zang and Gorman because serving these new parties, and allowing them to answer and to conduct discovery, will delay resolution of the case. But delays like these are inevitable whenever a new party is joined, and it was *Maiden* who moved for an extension of all pretrial deadlines—including the deadline to join new parties. Maiden cannot now complain that defendants are complying with the modified deadlines that Maiden itself requested.

Third, Maiden contends that defendants could have included their new counterclaims in their earlier pleadings. But defendants filed their motion for leave to amend nearly two months before the deadline for such motions. Again, defendants are entitled to a

---

[2]Of course, a party may not circumvent the deadline for joining new parties by adding those parties via an amended pleading. *See Architettura*, 2017 WL 3311197, at *2 (citing *Grant v. Rathbun*, 2016 WL 1750572, at *2 (N.D. Tex. May 3, 2016) (Fitzwater, J.)). But defendants are not attempting to do so here—they filed the instant motion before the joinder deadline.

presumption of timeliness, and Maiden has failed to rebut that presumption. *See Poly-Am.*, 2002 WL 206454, at *1.

The court concludes that, under the liberal Rule 15(a)(2) standard, there is no reason to deny defendants' motion.

\* \* \*

For the reasons stated, the court grants defendants' motion to file an amended answer and counterclaim. The clerk of court is directed to docket today defendants' second amended answer and first amended counterclaim, filed prematurely on March 5, 2019 and docketed as ECF No. 53.

**SO ORDERED**.

May 10, 2019.

SIDNEY A. FITZWATER
SENIOR JUDGE